IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANA MARIA SHIRAZI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHILDTIME LEARNING CENTER, )<br>INC., )<br>)<br>Defendant. ) | No. CIV-07-1289-C |

**MEMORANDUM OPINION & ORDER**

Plaintiff complains that she was discriminated and retaliated against because of her race, national origin, and gender and for alerting state officials to the unsafe and improper activities occurring at her place of employment, a childcare center. Defendant has moved that Plaintiff's Count II, a purported Burk claim based on gender discrimination and retaliation, be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.[1] In her response, Plaintiff defends her claim and asks that the Court certify a question to the Oklahoma Supreme Court asking for a determination on whether the availability of Title VII remedies precludes her Burk claim.

---

[1] A Burk tort exists in a narrow class of cases as an exception to the employment-at-will doctrine. Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24. It arises when "an employee is discharged for (1) refusing to violate an established and well-defined public policy or (2) performing some act consistent with a clear and compelling public policy." Darrow v. Integris Health, Inc., 2008 OK 1, ¶ 9, ___ P.3d ___, 2008 WL 187389, at *3. The Oklahoma public policy goal must be "clearly articulated in existing Oklahoma law–constitutional, statutory or jurisprudential," Clinton v. State ex. rel. Logan County Elec. Bd., 2001 OK 52, ¶ 6, 29 P.3d 543, 545, and no federal or state statutory remedy must exist that would sufficiently protect that policy interest, see Darrow, 2008 OK 1, ¶ 12; Collier v. Insignia Fin. Group, 1999 OK 49, ¶ 15, 981 P.2d 321, 326-27.

The Court begins with Plaintiff's certification request: Are the remedies under Title VII sufficient to meet the requirements of Okla. Const. Art. V, § 46 that all persons covered by the Oklahoma Anti-Discrimination Act (25 O.S. §§ 1101, et seq.) [be] afforded identical remedies to those provided by 25 O.S. § 1901 to victims of handicap discrimination? (Dkt. No. 8, Pl.'s Resp. at 4.) Oklahoma law empowers its Supreme Court to answer a question of law certified to it by a federal district court "if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling decision of the Supreme Court or Court of Criminal Appeals, constitutional provision, or statute of this state." 20 Okla. Stat. § 1602.

Because there are no factual allegations in the Complaint to support Plaintiff's assertion of gender discrimination and retaliation, the Court finds that certification is inappropriate. No matter how appealing it might be to receive an answer to this question from the Oklahoma Supreme Court, that answer would not be determinative to an issue in this litigation. Certification is not warranted for merely hypothetical questions. See Atl. Richfield Co. v. Tomlinson, 1993 OK 106, ¶ 16, 859 P.2d 1088, 1093-94. And absent any allegation in the Complaint that Plaintiff's gender played a role in the discrimination and retaliation she alleges, the proposed question would do exactly that. Therefore, Plaintiff's request to certify is denied.

Likewise, the Court finds that the absence of factual allegations to support a claim for gender discrimination and retaliation requires the dismissal of Count II. Federal Rule

of Civil Procedure 12(b)(6) permits a defendant to move for the dismissal of a claim "for failure to state a claim upon which relief can be granted." On such a motion, the Court accepts as true all well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim will be dismissed only if it is legally untenable or if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." See id. (citations and internal quotations omitted).

Although Defendant moved to dismiss Count II, it did not base its motion on deficient factual allegations but instead argued for the claim's legal infirmity. The Court finds it unnecessary to rule on the parties' arguments when it is clear that Plaintiff has offered no facts that suggest discrimination or retaliation based on gender. Failing to plead such facts, Plaintiff has no basis from which to argue that her Burk claim is cognizable. Accordingly, Count II is dismissed without prejudice.[2]

---

[2] Even sua sponte dismissals of a complaint for failure to state a claim are appropriate when "it is " 'patently obvious' that the plaintiff could not prevail on the facts alleged . . . and allowing [her] an opportunity to amend [her] complaint would be futile." McKinney v. Okla., Dept. of Human Res., 925 F.2d 363, 365 (10th Cir. 1991) (citation omitted); see also Phillips v. Pub. Serv. Co. of N.M., 58 Fed. Appx. 407, at *1 (10th Cir. 2003) (unpublished and cited for persuasive purposes only). Here, only one count of the Complaint is dismissed, and Plaintiff may amend her complaint to correct the deficiencies identified. Under these circumstances, there is no prejudice to Plaintiff for a dismissal for reasons other than those argued by Defendant.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Dkt. No. 5) is GRANTED. Count II of the Complaint (Dkt. No. 1) is dismissed without prejudice. Plaintiff's request to certify a question to the Oklahoma Supreme Court (Dkt. No. 8) is DENIED as moot.

IT IS SO ORDERED this 22nd of February, 2008.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge