IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANA MARIE SHIRAZI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-07-1289-C |
| | ) |
| CHILDTIME LEARNING CENTER, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed a second amended complaint against a former employer, alleging claims of discrimination and retaliation based on age, race, and national origin, as well as a claim of failure to pay wages. (See Dkt. No. 18.) Plaintiff seeks damages for, among other things, "dignitary harms including embarrassment, worry, anxiety and like feelings." Id. at 6, ¶ 23. Defendant denies these claims, arguing that its actions were lawful and non-discriminatory. Defendant also argues that Plaintiff failed to mitigate her damages and that after-acquired evidence may indicate a legitimate reason for Plaintiff's termination.

On September 17, 2008, Defendant issued subpoenas for three of Plaintiff's former employers as well as Plaintiff's subsequent employer. The subpoenas instructed the employers to turn over all records in their possession regarding Plaintiff, including her "complete employment file, including but not limited to discipline, any workers' compensation claims, unemployment claims, labor claims and/or claims filed with the EEOC." (Dkt. No. 37 Ex. 1-4.)

Plaintiff then filed a motion to quash subpoenas and to issue a protective order. Plaintiff claims that Defendant is engaging in a "fishing expedition" and that some of the information sought is not relevant to the claims and defenses in this case. Further, Plaintiff argues that the discovery would not lead to admissible evidence and is calculated to oppress and harass Plaintiff. Defendant filed a response (see Dkt. No. 38), initially arguing that Plaintiff does not have standing to challenge the subpoenas because: (1) they were served on third parties, not on Plaintiff; and (2) by filing this case, Plaintiff waived any privacy interests she might have had in her personnel files. Next, Defendant argues that the information sought is relevant and discoverable pursuant to Rule 26(b) of the Federal Rules of Civil Procedure. Plaintiff filed a reply (see Dkt. No. 42).

The first issue to resolve is whether Plaintiff has standing to challenge the four subpoenas. Courts have held that parties to litigation have standing to challenge subpoenas issued to non-parties when they have some privilege or personal right in the information sought. United States v. Gordon, 247 F.R.D. 509, 509 (E.D.N.C. 2007); G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc., No. 2:04-cv-01199-DAE-GWF, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007); Auto-Owners Ins. Co. v. Se. Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005); United States v. Nachamie, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000).

Defendant argues that Plaintiff waived any privacy right she might have had by filing a Title VII claim for discrimination and seeking damages for emotional distress. The Court

does not find this argument persuasive.[1] Plaintiff claims that she does have standing to object to production of her personnel files, citing Richards v. Convergys Corp., No. 2:05-CV-00790-DAK, 2:05-CV-00812 DAK, 2007 WL 474012 (D. Utah Feb. 7, 2007), which states that "a party has a personal right in his employment records sufficient to confer standing." Id. at *1.  The Court agrees, and determines that Plaintiff does have standing to challenge the four subpoenas at issue here.

In order to resolve the motion to quash, the Court must determine whether the information sought by Defendant is properly discoverable.  Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain through discovery "any nonprivileged matter that is relevant to any party's claim or defense." Such information need not be admissible as long as "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.  If good cause exists, the court may issue a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The court's order may include forbidding discovery or limiting its scope. Id.

---

[1] Defendant cites two cases that indicate this might be the result in such a situation, but neither case actually decided this issue. Maxwell v. Health Ctr. of Lake City, Inc., No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) (noting that plaintiff may have waived her personal rights, but declining to address standing since the case could be decided on other grounds); Brady v. Cent. Ind. Reg'l Blood Ctr. Inc., No. 1:99-MC-19, 1999 WL 33912610, at *1 (N.D. Ind. Oct. 6, 1999) (though noting that precedent indicated that emotional distress claims in cases of employment discrimination can result in waiver of privacy interests, the court would instead assume the plaintiff had standing in order to reach the dispositive issues of the case). Therefore, the Court declines to adopt the reasoning of these two cases.

The Court finds that, while Plaintiff's personnel files are not discoverable in their entirety, portions of the files should be disclosed to Defendant.  Certainly any claims of discrimination asserted by Plaintiff against any prior or subsequent employers are relevant to the claims of discrimination asserted here and are, therefore, properly discoverable.  The Court also finds that any information related to Plaintiff's wages and benefits from prior and subsequent employers are relevant to Defendant's claim that Plaintiff failed to mitigate damages.[2]  Because Plaintiff is seeking damages for "dignitary harms including embarrassment, worry, anxiety and like feelings," the Court further finds that any information in Plaintiff's personnel files regarding a claim for benefits is relevant and should therefore be disclosed.  To the extent such claims reveal medical records, the information should be requested from Plaintiff first,[3] however, and while the parties have not provided sufficient detail regarding this issue, it appears that Defendant in fact requested such

---

[2] While Plaintiff argues that only wage information from a subsequent employer is relevant to Defendant's claim, the Court does not agree.  "A plaintiff in an employment discrimination case must mitigate damages by diligently 'seeking and accepting new employment substantially equivalent to that from which he was discharged.'" Miller v. AT&T Corp., 250 F.3d 820, 838 (4th Cir. 2001) (quoting Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1273 (4th Cir. 1985)).  Plaintiff's duty is not unlimited, however, and "a plaintiff 'need not go into another line of work, accept a demotion, or take a demeaning position.'" Id. (quoting Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982)).  The Court finds Plaintiff's recent salary, including prior to employment with Defendant, relevant to the inquiry of what type of employment might be "substantially equivalent."

[3] Courts should limit discovery if it is determined that "the discovery sought . . . can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  Plaintiff's medical records could be obtained directly from her with more convenience and less expense than from her employers.

information from Plaintiff and did not receive it.[4] The Court therefore finds it appropriate to require Plaintiff's employers to disclose any workers' compensation claims, labor claims, unemployment claims, or claims filed with the EEOC that could reasonably be linked to Plaintiff's current claims regarding "dignitary harms."

The Court finds, however, that prior instances of discipline are not relevant to the claims or defenses asserted and are not reasonably likely to lead to admissible evidence. The Court further finds that, aside from the categories specifically discussed above, Defendant is not entitled to discovery of any other portions of Plaintiff's personnel files. Defendant argues that it is nonetheless entitled to information that, while not relevant to any claims or defenses currently asserted, could be relevant in responding to claims not yet articulated by either party. The Court rejects this argument. It is well established that parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." Fed. R. Civ. P. 26 advisory committee's note.

Likewise, Defendant's defense of after-acquired evidence does not entitle Defendant to further discovery. This defense can limit recovery of wages if an employer later learns of wrongdoing that would have led to a legitimate discharge had the employer known about it. McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 362 (1995). Courts generally

---

[4] Defendant's response indicates that it served written interrogatories on Plaintiff, to which Plaintiff responded. The Court questions whether this is a typographical error and whether Defendant meant instead that Plaintiff had *not* responded, particularly since Defendant indicates that a motion to compel might be filed shortly. Nevertheless, it appears that Defendant attempted to obtain this information from Plaintiff initially and was unsuccessful, so the Court will order disclosure by Plaintiff's employers.

agree that this defense "cannot be used to pursue discovery in the absence of some basis for believing that after-acquired evidence of wrong-doing will be revealed." Chamberlain v. Farmington Sav. Bank, No. 3:06CV01437 (CFD), 2007 WL 2786421, at *2 (D. Conn. Sept. 25, 2007); see also Rivera v. NIBCO, Inc., 364 F.3d 1057, 1071-72 (9th Cir. 2004); Maxwell v. Health Ctr. of Lake City, Inc., No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020, at *5 (M.D. Fla. June 6, 2006). There is no indication in any of the parties' pleadings that disclosure of Plaintiff's personnel files will reveal such evidence of wrong-doing, and therefore discovery is not warranted on this basis.

The final issue concerns the time periods during which Plaintiff worked for each of the employers subpoenaed. Again, the parties failed to provide sufficient detail on this issue. Plaintiff merely stated that she had not worked for some of the employers in over ten years. (See Dkt. No. 37 at 7.) Defendant's only comment was that three of the subpoenas were sent to places that employed Plaintiff "within a reasonable proximity of time to Plaintiff's employment with Childtime." (Dkt. No. 38 at 9.) Neither party provided any sort of timeline to enable the Court to be more specific with respect to each employer. However, the Court finds that a period of five years is within reasonable proximity to Plaintiff's employment with Childtime.

Accordingly, Plaintiff's motion to quash subpoenas and to issue a protective order is GRANTED IN PART and DENIED IN PART. The Court orders that any employer subpoenaed by Defendant who employed Plaintiff within five years of her employment with Defendant must disclose any information in its possession concerning: (1) claims of

discrimination asserted by Plaintiff; (2) Plaintiff's wages and benefits; and (3) workers' compensation claims, unemployment claims, labor claims, and claims filed with the EEOC that are reasonably linked to Plaintiff's current claims of "dignitary harms." All other information contained within Plaintiff's personnel files should not be disclosed to Defendant.

IT IS SO ORDERED this 31st day of October, 2008.

ROBIN J. CAUTHRON
United States District Judge